IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOHN MICHAEL WOODRUFF**, <br> Petitioner <br><br> v. <br><br> **KAYLA CROCKETT**, and <br> **MICHAEL W. NAIL**, Commissioner, <br> GA Dept. of Community Supervision, <br> Respondents | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NUMBER: <br> 7:16-CV-00008 |

## EMERGENT MOTION FOR PROTECTIVE ORDER

COMES NOW PETITIONER JOHN WOODRUFF in emergent motion for protective order. Wherefore, Petitioner avers:

1) The instant matter involves an extraordinary *habeas corpus* petition under 28 U.S.C. §2254 in which Petitioner asserts actual innocence exception to default pursuant.

2) In *McQuiggin v. Perkins*, 569 U.S. ___ (2013) the U.S. Supreme Court affirmed that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default […] to see that federal constitutional errors do not result in the incarceration of innocent persons." (*id*, slip op, at 8; *Ward v. Hall*, 592 F.3d 1144 (11th Cir 2010), at 1157;

*House v. Bell*, 547 U.S. 518 (2006), at 537-538; *Schlup v. Delo*, 513 U.S. 298, at 324; *Murray v. Carrier*, 477 U.S. 478 (1986), at 496).

3) The U.S. Supreme Court explains that compelling assertions of actual innocence are "extremely rare" but must be given special regard as "the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration" (*Schlup*, at 324, 315, respectively).

4) For reasons incomprehensible to Petitioner, rather than expeditiously attacking Petitioner's innocence claim—where such miscarriages should always concern the State—the State otiosely mires itself in comity and federalism.

5) Even as the State has repeatedly failed or refused to comply with THE COURT'S orders resulting in delay and extra burden to Petitioner, the State has waged its own retaliatory campaign against Petitioner through the Dept. of Community Supervision, Dept. of Labor, and Dept. of Revenue. (EXHIBIT A) Audits by these agencies resulted in interruption of unemployment insurance payments, threat of revocation for nonpayment of probation fees (typically not a basis for revocation in the local jurisdiction), and escalation of a petty state income tax delinquency.

6) Most recently, on July 25, 2016, Petitioner attempted to observe the arraignment of a non-English speaking member of his church congregation.

Petitioner was refused entry by the Lowndes County Sheriff's Office and threatened with arrest. After Petitioner sought out and appealed to two supervising sergeants, the courtroom deputy approached Petitioner, shoved Petitioner, and blurted out "I will fuck you up." This occurred on a public sidewalk in the presence of Sgt. Cook and Sgt. Griffin and captured on surveillance video. The event was reported to Captain Rayburg and a criminal incident report was taken by Sgt. Bannister. Fearing for his safety and his freedom, Petitioner went into hiding until he met with Detective Bolton on the third day.

7) Petitioner is presently elsewhere within the state at the direction of Georgia Dept. of Human Services and has now this day learned that he has been assigned a new probation officer who has stated his intent to issue a revocation warrant.

8) Despite the State's retaliatory efforts to distract and disrupt, Petitioner has competently and compellingly navigated *habeas'* procedural waters and has patiently waited on THE COURT to decide various issues before it. However, Petitioner represents that irreversible harm will necessarily result from any further escalation(s) and that, moreover, Petitioner's physical safety and wellbeing would be imperiled if he were to be committed to the custody of the Lowndes County Sheriff pending or pursuant to revocation of his probation.

**WHEREFORE, THE FOREGOING CONSIDERED,** Petitioner respectfully beseeches and implores THE COURT grant the relief set forth in the proposed order (attached) and accord such additional, further, or different relief as would serve the interests of justice.

RESPECTFULLY SUBMITTED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
POST OFFICE BOX 4584
VALDOSTA, GEORGIA 31604
JOHN@JOHNWOODRUFF.COM
(404) 477-4652

## CERTIFICATE OF SERVICE

Petitioner certifies that he has this 2nd day of August of 2016 served a copy of this filing upon the party or parties stated below. Pursuant to §2254 Rule 12, FRCP 5(b), GAMD Local Rule 5(b), FRAP 25, and 11th Cir. R. 25-3, a party or parties participating in electronic filing will be served by and through THE COURT'S electronic case management system. Those not served by THE COURT'S electronic systems have been served on this date by personal delivery to a responsible party at the location stated below, or by conveying the same through, and in the manner required by, the United States Mail.

Meghan H. Hill, Esq.
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
mhill@law.ga.gov
(404) 657-0267

Paula K. Smith, Esq,
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
psmith@law.ga.gov
(404) 657-0267

SO AFFIRMED,
s/ John Michael Woodruff