IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOHN MICHAEL WOODRUFF**, § | | |
| Petitioner § | | CASE NUMBER: |
| § | | 7:16-CV-00008 |
| v. § | | |
| § | | |
| **KAYLA CROCKETT**, and § | | |
| **MICHAEL W. NAIL**, Commissioner, § | | |
| GA Dept. of Community Supervision, § | | |
| Respondents § | | |

# ORDER

Petitioner John Woodruff complains to THE COURT of retaliation in conjunction with pursuing *habeas corpus* relief in the federal courts. Petitioner exhibited documents from three state agencies imposing or threatening adverse action against him. Petitioner further represents that he was battered and threatened by a Lowndes County deputy. Petitioner advises that he was assigned a new probation officer and that the same has communicated intent to arrest and hold Petitioner (without bond) in contemplation of a revocation. Petitioner also avers that his safety and wellbeing would be imperiled in light of a recent simple battery and threat of harm from by a Lowndes County deputy.

While by no means conclusive of retaliation by the State, the timing and multiplicity of adverse administrative actions is not without suspicion and the alleged criminal conduct by a sworn deputy is deeply troubling and objectively rancorous. Whether Petitioner actually suffered retaliation or was the victim of criminal acts are questions of fact not within the scope of this *habeas* proceeding. However, THE COURT will not tolerate intimidation of any party nor interference with expedient disposition of any matter before it, nor will THE COURT turn a blind eye to an abuse of the *Constitution* which it serves.

To the degree that retaliatory acts colorably seek to intimidate Petitioner and/or to interfere with adjudication of the issues, THE COURT **ORDERS** as follows:

1. All State proceedings relating to the instant action are hereby **STAYED** pursuant to 28 U.S.C. §2251; any attempt to revoke Petitioner's probation shall be a nullity and any detention for that purpose while such stay is in effect is Constitutionally prohibited;

2. The State shall not engage in retaliatory acts against Petitioner for having pursued *habeas corpus* review under 28 U.S.C. §2241, *et seq*; any such acts already commenced shall cease immediately; any adverse action arising therefrom and already imposed shall be rescinded or tabled until such time as the instant proceedings are resolved.

3. Retaliatory acts shall specifically include any action, which though proper in its own right, arises from the suggestion, information, behest, or request of an interested state agency or actor.

4. State agencies or actors presently undertaking or entertaining adverse action against Petitioner, upon presentation of this order, are directed to ascertain the true facts which gave rise to commencement of the adverse action and report such facts with diligent specificity when rendering or reporting its official decision.

5. These protections shall remain in force for as long as the underlying *habeas* review remains pending.

6. State agencies or actors who fail to comply with this protective order shall be subject to the full panoply of THE COURT'S sanctions.

**SO ORDERED.**